IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-22-D
No. 5:19-CV-230-D

| | |
|---|---|
| ALEXANDER JONES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

On June 4, 2019, Alexander Jones ("Jones" or "petitioner") filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his 180-month sentence [D.E. 60]. On October 9, 2019, the government moved to dismiss Jones's motion [D.E. 70] and filed a memorandum in support [D.E. 71]. On December 10, 2019, Jones responded in opposition [D.E. 75]. On January 9, 2020, the government replied [D.E. 78]. On January 27, 2020, Jones moved for an extension of time [D.E. 79]. On June 25, 2020, the court stayed the action pending a decision in Greer v. United States, 141 S. Ct. 2090 (2021). See [D.E. 87]. As explained below, the court lifts the stay, grants Jones's motion for an extension of time,[1] grants the government's motion to dismiss, and dismisses Jones's section 2255 motion.

I.

On July 31, 2017, pursuant to a written plea agreement [D.E. 25], Jones pleaded guilty to possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. §

---

[1] Related to granting Jones's motion for an extension of time, the court has considered the arguments in Jones's surreply [D.E. 80].

924(c)(1)(A) (count two) and being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (count three) [D.E. 24, 25, 51].

On November 15, 2017, the court held Jones's sentencing hearing and calculated Jones's advisory guideline range to be 60 months' consecutive imprisonment on count two and 180 months' imprisonment on count three. See Sentencing Tr. [D.E. 50] 5, 18–25. After granting the government's downward departure motion and considering all relevant factors under section 3553(a), the court sentenced Jones to 60 months' imprisonment on count two and 180 months' concurrent imprisonment on count three, for a total sentence of 180 months' imprisonment. See id. at 18–25. Jones appealed [D.E. 40]. On July 18, 2018, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Jones, 731 F. App'x 223, 223–24 (4th Cir. 2018) (per curiam) (unpublished).

In Jones's section 2255 motion, he argues that (1) he does not have three predicate convictions under the ACCA and cites Johnson v. United States, 576 U.S. 591 (2015) and United States v. Melvin, 621 F. App'x 226 (4th Cir. 2015) (per curiam) (unpublished); (2) his North Carolina conspiracy offenses are not categorically serious drug offenses under 18 U.S.C. § 924(e)(2); and (3) his counsel was ineffective by failing to object to his ACCA predicate offenses. See [D.E. 60, 60-1].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need

2

not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

As for Jones's first two claims, Jones challenged whether he is an armed career criminal under 18 U.S.C. § 924(e) on direct appeal and lost. See Jones, 731 F. App'x at 223–34. Jones's first two claims attempt to relitigate that issue. Jones cannot use section 2255 to relitigate claims that he raised and lost on direct appeal. See Bousley v. United States, 523 U.S. 614, 622–23 (1998); United States v. Frady, 456 U.S. 152, 164–65 (1982); United States v. Dyess, 730 F.3d 354, 360 (4th Cir. 2013); United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam). Thus, the first two claims fail.

Alternatively, Jones's plea agreement contains a post-conviction waiver. See [D.E. 25] ¶ 2(c). In the waiver, Jones agreed

> [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal the conviction and whatever sentence is imposed on any ground, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the

3

> conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

Id. In light of Jones's Rule 11 proceeding, the waiver is enforceable. See Rule 11 Tr. [D.E. 51] 2–26; United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013); United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Jones's first two claims fall within the waiver. Accordingly, the waiver bars Jones's first two claims.

As for Jones's ineffective assistance of counsel claim, the "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Missouri v. Frye, 566 U.S. 134, 140 (2012); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Jones must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court

4

must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694. When a defendant pleads guilty, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Lee v. United States, 137 S. Ct. 1958, 1967 (2017). "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 137 S. Ct. at 1967 (quotations and citations omitted).

During Jones's Rule 11 proceeding, Jones swore that he understood the charges to which he was pleading guilty. See Rule 11 Tr. [D.E. 51] 2–18. Jones also swore that he was fully satisfied with his lawyer's legal services, that he had reviewed and discussed his entire plea agreement with counsel before he signed it, that he understood each term in the plea agreement, and that the plea agreement constituted the entire agreement that he had with the government. See id. at 2–22. Jones also swore that he understood that the court could sentence him up to the statutory maximum on the count of conviction, and that if the court did so, Jones could not withdraw his guilty plea. See id. at 19–21.

Jones's sworn statements at his Rule 11 proceeding bind him. See, e.g., Blackledge, 431 U.S. at 74; United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. Lemaster, 403 F.3d 216, 221–23 (4th Cir. 2005). Those sworn statements show that Jones admitted

5

to the charged crimes. Jones's sworn statements also show that Jones understood that, even if he received a statutory-maximum sentence on the each count of conviction, he could not withdraw his guilty plea and would not be able to go to trial. Accordingly, Jones has not plausibly alleged "that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; see Lee, 137 S. Ct. at 1967–69; Hill, 474 U.S. at 59; Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992). Simply put, Jones would not have "insisted on going to trial." Hill, 474 U.S. at 59; see Lee, 137 S. Ct. at 1967–69; Strickland, 466 U.S. at 694. Thus, Jones cannot show prejudice from the alleged error, and the claim fails.

Alternatively, the claim fails concerning counsel's performance. In Johnson, the Supreme Court held that the residual clause in the definition of "violent felony" in 18 U.S.C. § 924(e)(2)(B)(ii) was unconstitutionally vague. See Johnson, 576 U.S. at 597–602. Jones's status as an armed career criminal under the ACCA, however, was not based on the residual clause or the remainder of the definition of "violent felony" in the statute. Rather, the court based Jones's status on his four convictions for "serious drug offenses" as defined in 18 U.S.C. § 924(e)(2)(A). See Sentencing Tr. at 4–5; PSR [D.E. 33] ¶¶ 20–21, 24, 28. Moreover, even if the conspiracy convictions in paragraphs 24 and 28 do not count as "serious drug offenses," Jones still has three predicate, nonconspiracy, serious-drug-offense convictions in paragraphs 20, 21, and 28. See PSR ¶¶ 20–21, 28.

Alternatively, and in any event, the conspiracy convictions in paragraphs 24 and 28 still count as "serious drug offenses" under the ACCA. Indeed, the Fourth Circuit reached that conclusion on direct appeal. Jones, 731 F. App'x at 224; see United States v. Futrell, 249 F. App'x 964, 965–66 (4th Cir. 2007) (per curiam) (unpublished); accord United States v. Daniels, 915 F.3d 148, 156 (3d

6

Cir. 2019); United States v. McKenney, 450 F.3d 39, 43–45 (1st Cir. 2006). On this record, there was no deficient performance.

After reviewing the claims presented in Jones's motions, the court finds that reasonable jurists would not find the court's treatment of Jones's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court LIFTS the stay, GRANTS petitioner's motion for an extension of time [D.E. 79], GRANTS respondent's motion to dismiss [D.E. 70], DENIES petitioner's motion to vacate [D.E. 60], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 21 day of December, 2021.

JAMES C. DEVER III
United States District Judge