IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-22-D
No. 5:19-CV-230-D

| | |
|---|---|
| ALEXANDER JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On December 21, 2021, the court granted the government's motion to dismiss Alexander Jones's ("Jones" or "petitioner") motion under 28 U.S.C. § 2255, dismissed Jones's pro se motion, and denied a certificate of appealability [D.E. 93]. On March 29, 2022, Jones filed a letter stating he did not receive a copy of the court's order and judgment, and he asked the court to reissue its decision to allow him time to file a notice of appeal [D.E. 97]. The Bureau of Prisons ("BOP") has reviewed its records and confirms that Jones did not receive any mail from the clerk's office until recently. See [D.E. 97-1]. On April 4, 2022, Jones's attorney attempted to explain Jones's failure to appeal. See [D.E. 98]. The court construes Jones's letter as a motion to reopen the time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(6). As explained below, the court grants the motion.

I.

Under Federal Rule of Appellate Procedure 4, a litigant must file a notice of appeal in a civil case in which the United States is a party "within 60 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(B). However, when that time period has expired and a

party has not timely filed a motion to extend time under Appellate Rule 4(a)(5),[1] a "district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied: (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced." Fed. R. App. P. 4(a)(6); see 28 U.S.C. § 2107(c); Bowles v. Russell, 551 U.S. 205, 208–09, 214 (2007); Whitehead v. Rooks, No. 21-7716, 2022 WL 989351, at *1 (4th Cir. Apr. 1, 2022) (per curiam) (unpublished); Goyer v. Adams, No. 21-7294, 2022 WL 794969, at *1 (4th Cir. Mar. 15, 2022) (per curiam) (unpublished); Johnson v. Cooper, 623 F. App'x 108, 108–09 (4th Cir. 2015) (per curiam) (unpublished); McCauley v. Riley, 459 F. App'x 235, 236–37 (4th Cir. 2011) (per curiam) (unpublished); Hill v. Haynes, 321 F. App'x 338, 339 (4th Cir. 2009) (per curiam) (unpublished); United States v. Urutyan, 564 F.3d 679, 685 (4th Cir. 2009); Patel v. Patel, 283 F. Supp. 3d 512, 516–18 (E.D. Va. 2017), aff'd 727 F. App'x 52 (4th Cir. 2018) (per curiam) (unpublished).

Jones satisfies the elements of Appellate Rule 4(a)(6). First, Jones did not receive notice under Civil Rule 77(d) within 21 days of the entry of the court's December 21, 2021 order dismissing Jones's section 2255 motion. See Fed. R. App. P. 4(a)(6)(A). Jones's section 2255

---

[1] On December 21, 2021, the court entered its order dismissing Jones's section 2255 motion. See [D.E. 93]. Thus, Jones's sixty-day window to file a notice of appeal expired on February 22, 2022. See Fed. R. App. P. 26(a)(1). Jones mailed his motion for an extension of time on March 29, 2022, more than 30 days after the period to file a notice of appeal expired. See Houston v. Lack, 487 U.S. 266, 270–72 (1988); [D.E. 97] 2. Thus, the court cannot treat Jones's motion as a motion to extend the time to file a notice of appeal. See Fed. R. App. P. 4(a)(5)(A)(i).

2

motion involved both pro se claims and a claim made with the assistance of counsel. See [D.E. 60, 84]. On June 30, 2020, Jones received new counsel. See [D.E. 88, 89]. Before the court issued its December 21, 2021 order, Jones, through his new attorney, withdrew the claim Jones's previous attorney had filed on Jones's behalf. See [D.E. 91]. Thereafter, Jones's attorney did not file a motion to withdraw. See [D.E. 98]. On December 21, 2021, the court issued an order resolving Jones's remaining pro se claims. See [D.E. 93] 7. The clerk's office served Jones's counsel and the Assistant United States Attorney with the judgment. See [D.E. 94].

Under Civil Rule 77(d), the clerk's office must serve notice of the entry of an order or judgment according to the procedures in Civil Rule 5(b). See Fed. R. Civ. P. 77(d)(1). Under Civil Rule 5(b)(1), "[i]f a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party." Fed. R. Civ. P. 5(b)(1). When the court entered its December 21, 2021 order denying Jones's section 2255 motion, the court's electronic-filing system ("CM-ECF") showed that Jones was represented by counsel. Counsel had filed a notice of appearance [D.E. 89] and had assisted Jones in withdrawing one of his section 2255 claims. See [D.E. 91]. Although Jones's attorney never filed a motion to withdraw, counsel submitted his CJA voucher, closed his records, and no longer paid attention to Jones's case. See [D.E. 98]; see also EDNC Standing Order 19-SO-5, ¶ XII (related to CJA compensation). When the court entered its December 21, 2021 order, the clerk's office justifiably served the judgment on Jones's counsel per Civil Rule 5(b)(1) because the court had not ordered otherwise and counsel was still listed in CM-ECF as representing Jones. Had counsel filed a motion to withdraw, the clerk's office would have served Jones with the court's order, and Jones could have pursued his appeal.

Litigants are generally "deemed bound by the acts of [their] lawyer-agent and [are] considered to have notice of all facts, notice of which can be charged upon the attorney." Irwin v.

3

Dep't of Veterans Affairs, 498 U.S. 89, 92 (1990); see Maples v. Thomas, 565 U.S. 266, 280–81 (2012). This extends to notice of a court's orders because of service made on the attorney under Civil Rules 5(b)(1) and 77(d). See, e.g., Branch v. United States, No. 5:12-CR-339-D, 2017 WL 5973403, at *2 (E.D.N.C. Dec. 1, 2017) (unpublished). However, "[c]ommon sense dictates that a litigant cannot be held constructively responsible for the conduct of an attorney who is not operating as his agent in any meaningful sense of that word." Holland v. Florida, 560 U.S. 631, 659 (2010) (Alito, J., concurring in part and concurring in the judgment); see Maples, 565 U.S. at 282–83 (adopting Justice Alito's analysis on "the essential difference between a claim of attorney error, however egregious, and a claim that an attorney had essentially abandoned his client"); Farabee v. Clarke, 967 F.3d 380, 392 (4th Cir. 2020).

When the court entered its December 21, 2021 order, counsel no longer meaningfully represented Jones. Believing the representation had ended, counsel submitted his CJA voucher, closed his records, and was no longer attentive to Jones's case. See [D.E. 98]. Although Jones and counsel had agreed that Jones would continue to pursue his pro se claims on his own, see id., counsel did not file a motion to withdraw that would have allowed Jones to receive notifications from the court and thus actively pursue his claims by filing a timely notice of appeal. Jones did not receive notice under Civil Rule 77(d) because although CM-ECF indicated that Jones was represented by counsel, counsel no longer "operat[ed] as [Jones's] agent in any meaningful sense of that word." Holland, 560 U.S. at 659. Moreover, as an inmate, Jones had limited means to check the docket himself to monitor the status of his case. Cf. In re WorldCom, Inc., 708 F.3d 327, 333–35, 340–41 (2d Cir. 2013). Accordingly, service of the court's December 21, 2021 order on Jones's (effectively former) counsel did not suffice to satisfy Civil Rule 77(d) and Appellate Rule 4(a)(6)(A). See Martinez v. Lamanna, 19 CV 3348 (VB), 2021 WL 1759924, at *2–3 (S.D.N.Y. May 4, 2021)

4

(unpublished); Perez v. Stephens, No. A-09-CV-081-LY, 2014 WL 12649019, at *3 (W.D. Tex. Dec. 11, 2014) (unpublished); cf. Maples, 565 U.S. at 284–85 (discussing failure to properly withdraw in the context of attorney abandonment).

Second, Jones timely filed his motion to reopen the time to file an appeal because he filed the motion within 180 days of the court entering judgment on his pro se section 2255 motion. See Fed. R. App. P. 4(a)(6)(B); compare [D.E. 93] (order entered on Dec. 21, 2021), with [D.E. 97] 2 (motion signed on Mar. 29, 2022). Because Jones did not receive notice of the court's December 21, 2021 order under Civil Rule 77(d), the court need not consider the alternative fourteen-day period in Appellate Rule 4(a)(6)(B).

Third, the United States will not be prejudiced by the court reopening the time to file an appeal. See Fed. R. App. P. 4(a)(6)(C). Thus, Jones meets the requirements for relief under Appellate Rule 4(a)(6), and the court grants Jones's motion to reopen the time to file an appeal.

Jones shall file any notice of appeal not later than April 22, 2022. See Fed. R. App. P. 4(a)(6). Because mail delays could make it difficult for Jones as a pro se inmate to file a notice of appeal within the fourteen-day window prescribed by Appellate Rule 4(a)(6), the court directs counsel to assist Jones with filing a notice of appeal. Counsel need not represent Jones on appeal and may move to withdraw after consulting with Jones about filing a notice of appeal and assisting Jones with filing a notice of appeal if he still desires to appeal.

II.

In sum, the court GRANTS petitioner's motion to reopen the time to file an appeal [D.E. 97]. Petitioner SHALL file any notice of appeal not later than April 22, 2022. See Fed. R. App. P. 4(a)(6). The court DIRECTS counsel to consult with petitioner about a notice of appeal and to assist petitioner with filing a notice of appeal if he still desires to appeal. The court DIRECTS the clerk

5

to serve both petitioner and counsel with a copy of this order.[2]

SO ORDERED. This _8_ day of April, 2022.

                                                          JAMES C. DEVER III
                                                          United States District Judge

---

[2] To pursue an appeal, Jones must both file a notice of appeal and obtain a certificate of appealability. See Rules Governing § 2255 Proceedings, Rule 11(a)–(b). Although this court denied Jones a certificate of appealability, see [D.E. 93] 7, Jones may still seek a certificate of appealability from the appellate court under Appellate Rule 22.

6