IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-22-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ALEXANDER JONES, | ) | |
| Defendant. | ) | |

On April 25, 2022, Alexander Jones ("Jones" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 100]. On April 11, 2022, the court appointed Jones counsel [D.E. 101]. On April 25, 2022, Jones moved for reconsideration of the court's order denying his section 2255 motion [D.E. 105]. That same day, Jones appealed the same order [D.E. 106–08]. On May 4, 2022, Jones moved pro se for a certificate of appealability [D.E. 109]. On May 9, 2022, Jones filed, through counsel, a memorandum in support of his motion for compassionate release [D.E. 113]. On May 23, 2022, the government responded in opposition [D.E. 115] and filed exhibits in support [D.E. 116]. On June 13, 2022, Jones again moved pro se for a certificate of appealability [D.E. 119]. On July 28, 2022, Jones moved pro se to expedite his motion for certificate of appealability [D.E. 120]. As explained below, the court denies Jones's motion for compassionate release and motions for certificate of appealability, denies as moot Jones's motion to expedite, and denies Jones's motion for reconsideration.

I.

On July 31, 2017, pursuant to a written plea agreement [D.E. 25], Jones pleaded guilty to possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (count two) and being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (count three) [D.E. 24, 25, 51]. On November 15, 2017, the court held Jones's sentencing hearing and calculated Jones's advisory guideline range to be 60 months' consecutive imprisonment on count two and 180 months' imprisonment on count three. See Sentencing Tr. [D.E. 50] 5, 18–25. After granting the government's downward departure motion and considering all relevant factors under section 3553(a), the court sentenced Jones to 60 months' imprisonment on count two and 180 months' concurrent imprisonment on count three, for a total sentence of 180 months' imprisonment. See id. at 18–25. Jones appealed [D.E. 40]. On July 18, 2018, the United States Court of Appeals for the Fourth Circuit rejected Jones's challenge to his sentence under the Armed Career Criminal Act ("ACCA") and affirmed this court's judgment. See United States v. Jones, 731 F. App'x 223, 223–24 (4th Cir. 2018) (per curiam) (unpublished).

On June 4, 2019, Jones moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his 180-month sentence and argued that he did not have three predicate convictions under the ACCA [D.E. 60]. On December 21, 2021, the court dismissed the motion for failure to state a claim upon which relief can be granted [D.E. 93].

On April 25, 2022, Jones moved for compassionate release. See [D.E. 100, 113]. The government opposes the motion. See [D.E. 115, 116].

On April 25, 2022, Jones moved for reconsideration of the court's order dismissing his section 2255 motion. See [D.E. 105]. That same day, Jones appealed this court's order dismissing his claim for relief under section 2255. See [D.E. 106].

2

II.

As for Jones's motion for reconsideration of his section 2255 motion, the court denies the motion as meritless. Jones (as he did on direct appeal and in his first section 2255 motion) alleges that certain North Carolina felony drug convictions do not qualify as predicates for the ACCA and cites United States v. Newbold, 791 F.3d 455, 462–63 (4th Cir. 2015), and United States v. Norman, 935 F.3d. 232, 237–41 (4th Cir. 2019). See [D.E. 105]; [D.E. 113] 6. Jones raised and lost this Newbold claim on direct appeal. See [D.E. 93] 3–4. He cannot use section 2255 to recharacterize the claim. See id. Moreover, Jones has numerous felony convictions including three serious drug convictions. See Presentence Investigation Report ("PSR") [D.E. 33] ¶¶ 20–21, 24, 28; Jones, 731 F. App'x at 223–24. Therefore, the armed career criminal enhancement applies to Jones. Accordingly, the court dismisses Jones's motion for reconsideration.

As for Jones's motion for compassionate release, under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir.) (per curiam), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

3

defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see United States v. Ferguson, ___ F.4th ___, ___, No. 21-6733, 2022 WL 17256572, at *3 (4th Cir. Nov. 29, 2022). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 cmt. n.3; McCoy, 981 F.3d at 286 n.9.

No Sentencing Commission policy statement currently applies to a defendant's compassionate release motion. See Hargrove, 30 F.4th at 194; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–82. U.S.S.G. § 1B1.13 is a policy statement that applies

4

to compassionate release motions filed by the BOP Director. Nonetheless, section 1B1.13 "remains helpful guidance even when motions are filed by defendants." McCoy, 981 F.3d at 282 n.7; see Hargrove, 30 F.4th at 194. Application Note 1 of U.S.S.G. § 1B1.13 lists several extraordinary and compelling circumstances, including (A) a defendant's serious medical condition, (B) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her sentence, (C) certain family circumstances in which a defendant's minor children or incapacitated spouse or registered partner would otherwise have no caregiver, or (D) any other extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1(A). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant" a sentence reduction. Id. § 1B1.13 cmt. n.2.

Jones applied to his warden for compassionate release. See [D.E. 100-1]; [D.E. 113] 4–5; Ferguson, 2022 WL 17256572, at *3. The government has not invoked section 3582(c)(1)(A)'s exhaustion requirements. See [D.E. 115]. Thus, the court addresses the merits.

Jones seeks compassionate release pursuant to section 3582(c)(1)(A) and cites the COVID-19 pandemic, the condition in prisons, his medical conditions (obesity, hypertension, prediabetes, his recovery from COVID-19, and his unvaccinated status), his rehabilitative efforts, and an alleged change in his status under the ACCA. See [D.E. 113] 6–23.

As for the "medical condition of the defendant" policy statement, the policy statement requires that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Jones is obese, has hypertension, has prediabetes, has recovered from COVID-19, and

5

is unvaccinated. See [D.E. 100] 2; [D.E. 113] 6–19; [D.E. 115-1]. Jones's medical conditions are under control, and he can take care of himself. See [D.E. 115-1].

Jones argues that his medical conditions and the conditions in prisons put him at heightened risk of serious infection from COVID-19. See [D.E. 113] 6–19. Jones, however, refused a COVID-19 vaccine on February 10, 2021. See [D.E. 115-1] 4. The vaccine would provide protection. See, e.g., United States v. Scalea, No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022) (unpublished) (noting that although "vaccination does not rule out reinfection . . . this does not diminish that vaccination mitigates the risk of COVID-19 complications"); United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("And following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced" so that "an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."); United States v. Hald, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (noting "there is certainly room for doubt" that being fully vaccinated or being offered a vaccine "would support a finding of 'extraordinary and compelling reasons'" justifying compassionate release), cert. denied, 142 S. Ct. 2742 (2022); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); United States v. Baeza-Vargas, 532 F. Supp. 3d 840, 843–46 (D. Ariz. 2021) (collecting cases showing the "growing consensus" of district courts that have ruled that an inmate receiving a COVID-19 vaccine "weighs against a finding of extraordinary and compelling circumstances"); cf. United States v. Petway, No. 21-6488, 2022 WL 168577, at *2 (4th Cir. Jan. 19, 2022) (per curiam) (unpublished). Jones has not disclosed to the court any religious or medical reason why he cannot receive or benefit from a COVID-19 vaccine. See Lemons, 15 F.4th at 751 (noting that "if an inmate does not present a

6

compelling reason justifying the failure to be vaccinated despite access to the vaccine, a district court would abuse its discretion by" granting compassionate release); United States v. Ugbah, 4 F.4th 595, 597 (7th Cir. 2021) (explaining that the defendant's failure to be vaccinated was not an extraordinary and compelling reason justifying compassionate release because he "has never contended that he is medically unable to receive or benefit from the available vaccines"). "[A] prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release. The risk is self-incurred." Broadfield, 5 F.4th at 803; see also United States v. Thomas, No. 21-1645, 2022 WL 296594, at *2 (3d Cir. Feb. 1, 2022) (unpublished); United States v. Kennedy, No. 21-2675, 2022 WL 43187, at *2 (6th Cir. Jan. 5, 2022) (unpublished); Lemons, 15 F.4th at 751 ("[A] defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction."); Hald, 8 F.4th at 936 n.2 (noting "there is certainly room for doubt" that being fully vaccinated or being offered a vaccine "would support a finding of 'extraordinary and compelling reasons'" justifying compassionate release); Baeza-Vargas, 532 F. Supp. 3d at 843–44 (collecting cases that ruled "that an inmate's denial of a COVID-19 vaccination weighs against a finding of extraordinary and compelling circumstances"); United States v. McBride, No. 5:19-CR-7, 2021 WL 354129, at *3 (W.D.N.C. Feb. 2, 2021) (noting that even if the defendant's medical condition qualified as an extraordinary and compelling reason for granting compassionate release, "it does not qualify as such in this instance. Defendant rejected the COVID-19 vaccine. . . . Defendant's refusal to take preventative measures undermines his assertion that extraordinary and compelling reasons exist to warrant his release from prison."); cf. United States v. Osman, No. 21-7150, 2022 WL 485183, at *1 n.2 (4th Cir. Feb. 17, 2022) (per curiam) (unpublished).

Jones had COVID-19 in June and July 2020 and fully recovered. See [D.E. 113] 17; [D.E. 115-1] 2. Jones's natural antibodies provide protection. See, e.g., United States v. Jacques, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022) (unpublished); United States v. Ibarra, No. 21-10255, 2022 WL 229198, at *1 (9th Cir. Jan. 25, 2022) (unpublished); Garrett v. Murphy, 17 F.4th 419, 433 & n.7 (3d Cir. 2021) (discussing natural immunity as a result of recovering from COVID-19). Additionally, the wide availability of COVID-19 vaccines greatly diminishes the risk to Jones from COVID-19 whether he is in prison or not. See, e.g., Scalea, 2022 WL 795425, at *1; Ibarra, 2022 WL 229198, at *1; Lemons, 15 F.4th at 751; Hald, 8 F.4th at 936 n.2; Broadfield, 5 F.4th at 803; Baeza-Vargas, 532 F. Supp. 3d at 843–46. And the availability of COVID-19 vaccines allows Jones to reduce his risk should he so choose. See Thomas, 2022 WL 296594, at *2; Kennedy, 2022 WL 43187, at *2; Broadfield, 5 F.4th at 803.

Besides the heightened risk of COVID-19 infection due to his medical conditions, Jones does not otherwise allege that the BOP is not treating and monitoring his medical conditions or that he is unable to provide self-care while incarcerated. And arguments based on generalizations about the spread of COVID-19 in prison have considerably less force given the wide availability of COVID-19 vaccines, the current medical conditions at FCI Butner Low where Jones is incarcerated,[1] and BOP's extensive efforts to control and contain COVID-19. See Bureau of Prisons, BOP's COVID-19 Response, https://www.bop.gov/coronavirus/overview.jsp#bop_covid-19_response (last visited Dec. 6, 2022); see also United States v. Walker, No. 3:20-CR-00255-DCK-1, 2022 WL 3570583, at *1 (W.D.N.C. Aug. 18, 2022) (unpublished) (denying compassionate release from FCI Butner Low). Therefore, reducing Jones's sentence because of his risk factors and the general risk of COVID-19

---

[1] As of December 6, 2022, FCI Butner Low has reported zero current inmate confirmed test positive and zero staff positive. See https://www.bop.gov/coronavirus (last visited Dec. 6, 2022).

8

in the prison environment does not comport with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, the condition in prisons, Jones's medical conditions (obesity, hypertension, prediabetes, recovering from COVID-19, and being unvaccinated), and Jones's rehabilitative efforts, together are compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.").[2] However, the section 3553(a) factors counsel against reducing Jones's sentence. See Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32.

Jones is 52 years old and is incarcerated for possession of a firearm in furtherance of a drug trafficking crime and possession of a firearm and ammunition by a felon. See PSR ¶¶ 1–10. In March 2016, the Raleigh Police Department ("RPD") began investigating Jones after viewing him engaging in suspected drug dealing. See id. at ¶ 7. On May 6, 2016, the RPD and Cary Police Department ("CPD") searched Jones's residence and found two stolen caliber pistols, $6,600, ammunition, 458.55 grams of marijuana, a digital scale, and drug packaging material. See id. at ¶¶ 8–9. No one was home during the search; however, shortly thereafter, Jones returned to his home

---

[2] As for the alleged change in the law under the ACCA, Jones alleges that the Fourth Circuit's 2019 decision in Norman changed the law of what qualifies as a predicate offense so that if he were sentenced today, he would not be an armed career criminal. See Norman, 935 F.3d at 237–41; [D.E. 100] 10–12; [D.E. 113] 19–23. As Jones notes, however, the Supreme Court's 2020 decision in Shular v. United States, 140 S. Ct. 779, 784–87 (2020), rejected a similar argument to Jones's argument. Accordingly, Jones concedes that he cannot assert that he has extraordinary and compelling circumstances based on such a "change in the law." [D.E. 113] 23. In any event, the court agrees that Jones cannot pursue this claim attacking his ACCA sentence on count three under section 3582(c)(1)(A). See Ferguson, 2022 WL 17256572, at *4–6.

9

and called the CPD to report a burglary of his residence. See id. at ¶ 9. CPD responded to the home and arrested Jones. See id. Jones's criminal history began in 1986 and includes, but is not limited to, convictions for multiple counts of larceny, credit card fraud, three counts of possession with intent to sell and deliver cocaine, two counts of conspiracy to sell or deliver cocaine, possession of a firearm by a felon, resisting or obstructing a public officer, conspiracy to commit robbery with a dangerous weapon, and being a habitual felon. See id. at ¶¶ 15–34.

Jones has made some positive efforts while federally incarcerated. He has taken wellness and education courses, among courses on other topics. See [D.E. 113-1]. Jones, however, incurred two infractions, one in 2019 for possessing an unauthorized item and one in 2021 for possessing a non-hazardous tool. See [D.E. 116]; [D.E. 113] 25; [D.E. 113-3].

The court must balance Jones's mixed performance in federal custody, his serious conduct, his terrible criminal history, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Concepcion v. United States, 142 S. Ct. 2389, 2403–04 (2022); Pepper, 562 U.S. at 480–81; United States v. Roane, 51 F.4th 541, 551–52 (4th Cir. 2022); High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. The court also has considered Jones's potential re-exposure to COVID-19 pandemic, the condition in prisons, his medical conditions (obesity, hypertension, prediabetes, surviving COVID-19, and being unvaccinated), his rehabilitative efforts, and the current law. Having considered the entire record, the extensive steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Jones's arguments, the government's persuasive response, the need to punish Jones for his serious criminal behavior, to incapacitate Jones, to promote respect for the law, to deter others, and to protect society, the court denies Jones's motion for compassionate release. See, e.g., Concepcion, 142 S. Ct. at 2403–04; Chavez-Meza, 138 S. Ct. at 1966–68; Pepper, 562 U.S. at 480–81; Roane, 51 F.4th at

10

551–52; Hargrove, 30 F.4th at 198–200; Kibble, 992 F.3d at 331–32; High, 997 F.3d at 187–91; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Hill, No. 4:13-CR-28, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

### III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 100], DENIES defendant's motion for reconsideration [D.E. 105], DENIES defendant's motions for certificate of appealability [D.E. 109, 119], and DENIES AS MOOT defendant's motion to expedite [D.E. 120].

SO ORDERED. This 6 day of December, 2022.

JAMES C. DEVER III
United States District Judge